IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY KENT, | § | |
| | § | No. 311, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1302002915 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 27, 2019
Decided: January 24, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned order dated July 1, 2019, which summarily dismissed the appellant's second motion for postconviction relief. The appellant's claim of ineffective assistance of postconviction counsel does not relieve the appellant of the burden of satisfying the pleading requirements of Superior Court Criminal Rule 61(d)(2) to avoid the summary dismissal of a second or subsequent motion for postconviction relief.[1]  Moreover, the appellant does not

---

[1] *Durham v. State*, 173 A.3d 1061, 2017 WL 5450746, at *2 (Del. Nov. 13, 2017) (TABLE).

have the right to challenge the effectiveness of postconviction counsel because he had no constitutional right to counsel in those proceedings.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *Asbury v. State*, 219 A.3d 994, 2019 WL 4696781, at *4 (Del. Sept. 25, 2019) (TABLE) ("As an initial matter, a claim of ineffective assistance of postconviction counsel is not viable, because there is no constitutional right to counsel in a postconviction proceeding.").